IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ISABEL ARREDONDO,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et. al.,<br><br>    Defendants. | No. 5:11-cv-02011 EJD<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER** |

    Presently before the Court is Plaintiff's request to temporarily "stay any action of eviction by the Defendants against the Plaintiff," as contained in the Complaint.[1] The Court has construed this request as one for a temporary restraining order (TRO). Inasmuch as can be determined, Plaintiff contends that Defendants unlawfully foreclosed on her property located in Watsonville, California, and cannot now evict her from the property.

    The standard for issuing a TRO is the same as that for issuing a preliminary injunction. Brown Jordon Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Thus, much like a injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). A TRO may be issued if the plaintiff has established: (1) a likelihood of

---

[1] (See Complaint, Docket Item No. 1.)

success on the merits and the possibility of immediate irreparable injury; or (2) the existence of serious questions going to the merits and that the balance of hardships tips heavily in its favor. See Metro Publ'g, Ltd. v. San Jose Mercury News, 987 F.2d 637, 639 (9th Cir. 1993).

In this case, the form of Plaintiff's request renders it difficult, if not impossible, to determine the facts and assertions which she believes entitle her to a TRO. Since her request is contained solely in the Complaint, the Court is left to determine for itself the portions most significant to an application for injunctive relief. Having done so, those portions do not assist Plaintiff here. While the Complaint is lengthy and contains 11 causes of action, it does not demonstrate Plaintiff will prevail on the merits as to any of these causes of action, nor does it show the balance of hardships tip in her favor. Moreover, Plaintiff has not demonstrated she will suffer "immediate irreparable injury" from an eviction, considering she is no longer the legal owner of the property at issue. (Complaint at ex. C.)

In essence, all the Court has before it is a collection of general allegations, unsupported by proof and unconnected to any legal standard. Since that is insufficient, Plaintiff's request for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: April 26, 2011

EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

2

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ISABEL ARREDONDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, ET AL. et al,<br><br>　　　　Defendant. | Case Number: CV11-02011 EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria Isabel Arredondo
244 Amesti Road
Watsonville, CA 95076

Dated: April 26, 2011

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk

　　　　　　　　　　　　　　　　　　　　By: _____/s/ EJD Chambers_____
　　　　　　　　　　　　　　　　　　　　Elizabeth C. Garcia, Deputy Clerk